**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| CANCER STEP OUTSIDE THE BOX, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF STATE, et al.,<br><br>Defendants. | ) | Civil Action No. 3:24-cv-01465-AAT |

**DEFENDANT GOOGLE LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSED MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

**Table of Contents**

**Page**

I. INTRODUCTION ........................................................................................... 1

II. BACKGROUND ........................................................................................... 1

A. The Parties' Alleged Residency, Incorporation, And Headquarters ........................ 1

B. Plaintiffs' Allegations Arise Out Of And Relate To Google's Terms Of Service ... 2

III. LEGAL STANDARD FOR MANDATORY FORUM SELECTION CLAUSES ............. 3

IV. THE FORUM SELECTION CLAUSE CONTROLS ................................................ 5

A. The Mandatory Forum Selection Clause Requires Transfer Of This Case ............. 5

1. The Forum Selection Clause Applies To Plaintiffs' Claims Against Google ........................................................................................... 5

2. The Forum Selection Clause Is Mandatory ................................................ 7

B. Plaintiffs Cannot Rebut The Presumption That The Mandatory Forum Selection Clause Is Enforceable ........................................................................... 8

1. Plaintiffs Cannot Show That Enforcement Of The Mandatory Forum Selection Clause Would Be Unreasonable Under The Circumstances ........ 9

2. Plaintiffs Cannot Show That Public-Interest Factors Justify Retaining The Case ........................................................................................... 12

V. IF NECESSARY, THE COURT SHOULD SEVER AND TRANSFER THE CLAIMS AGAINST GOOGLE ........................................................................................... 14

VI. CONCLUSION ........................................................................................... 15

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**


*Alonso v. Google LLC*,
No. 23-cv-00091, 2023 WL 6313930 (M.D. Fla. Sept. 28, 2023)..........10

*Amos v. Aetna Life Insurance Co.*,
No. 19-cv-00202, 2019 WL 3773770 (S.D. Ohio Aug. 12, 2019)..........12

*Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*,
571 U.S. 49 (2013)..........3, 4, 5, 9

*Biltz v. Google, Inc.*,
No. 18-cv-00059, 2018 WL 3340567 (D. Haw. July 6, 2018)..........10

*Boling v. Prospect Funding Holdings, LLC*,
771 F. App'x 562 (6th Cir. 2019)..........3, 4

*Braman v. The Quizno's Franchise Company, LLC*,
No. 7-cv-02001, 2008 WL 611607 (N.D. Ohio Feb. 20, 2008)..........8, 11

*The Cadle Company v. Reiner, Reiner & Bendett, P.C.*,
307 F. App'x 884 (6th Cir. 2009)..........4

*Cal-Tenn Financial, LLC. v. Scope Automotive, LLC*,
No. 18-cv-01347, 2019 WL 1282950 (M.D. Tenn. Mar. 20, 2019)..........6

*Diversified Metal Distributors, LLC v. AK Stee Corp.*,
No. 6-cv-00055, 2007 WL 403870 (E.D. Ky. Feb. 1, 2007)..........12

*Dyersburg Machine Works, Inc. v. Rentenbach Engineering Co.*,
650 S.W.2d 378 (Tenn. 1983)..........12

*Elite Physicians Services, LLC v. Citicorp Payment Services, Inc.*,
No. 5-cv-00344, 2006 WL 752536 (E.D. Tenn. Mar. 17, 2006)..........11

*Ellenberger v. Alphabet, Inc.*,
No. 19-cv-00527, 2020 WL 11772628 (W.D. Ky. July 17, 2020)..........10

*Family Wireless #1, LLC v. Automotive Technologies, Inc.*,
No. 15-cv-11215, 2015 WL 5142350 (E.D. Mich. Sept. 1, 2015)..........14

*Firexo, Inc. v. Firexo Group Limited*,
99 F.4th 304 (6th Cir. 2024)..........4, 5

*Flowbee International, Inc. v. Google, Inc.*,
No. 9-cv-00199, 2010 WL 11646901 (S.D. Tex. Feb. 8, 2010) ............................................10

*Hasler Aviation, L.L.C. v. Aircenter, Inc.*,
No. 6-cv-00180, 2007 WL 2463283 (E.D. Tenn. Aug. 27, 2007).................................5, 6, 11

*Ingram Barge Company, LLC v. Bunge North America, Inc.*,
455 F. Supp. 3d 558 (M.D. Tenn. 2020).....................................................................12

*In re Rolls Royce Corp.*,
775 F.3d 671, 681 (5th Cir. 2014) ............................................................................14, 15

*Kijimoto v. YouTube, LLC*,
No. 17-cv-08184, 2018 WL 5116415 (C.D. Cal. Jan. 30, 2018)............................................10

*Kresser v. Advanced Tactical Armament Concepts, LLC*,
No. 16-cv-00255, 2016 WL 4991596 (E.D. Tenn. Sept. 16, 2016).......................................11

*Lakeside Surfaces, Inc. v. Cambria Co.*,
16 F.4th 209 (6th Cir. 2021) ................................................................................3, 4, 5, 8, 9

*Lewis v. Google, Inc.*,
No. 19-cv-02387, 2019 WL 10749715 (D. Colo. Dec. 31, 2019) ..........................................10

*M/S Bremen v. Zapata Off-Shore Co.*,
407 U.S. 1 (1972)..........................................................................................................9

*Mayer v. gpac, LLP*,
No. 22-cv-00949, 2023 WL 3690235 (M.D. Tenn. May 26, 2023) .....................5, 7, 12, 13,14

*Mishiyev v. Youtube, LLC*,
No. 24-cv-02675, 2024 WL 4932773 (M.D. Fla. Dec. 2, 2024) ............................................10

*Moore v. Katin-Borland*,
No. 20-cv-10277, 2020 WL 5531501 (E.D. Mich. Sept. 14, 2020) .......................................12

*Moses v. Business Card Express, Inc.*,
929 F.2d 1131 (6th Cir. 1991) ...............................................................................10, 11

*Muhammad v. YouTube, LLC*,
No. 18-cv-00836, 2019 WL 2338503 (M.D. La. June 3, 2019) ............................................10

*North v. McNamara*,
47 F. Supp. 3d 635 (S.D. Ohio 2014) .........................................................................13

*Ramani v. YouTube LLC*,
No. 19-cv-09499, 2019 U.S. Dist. LEXIS 197106 (S.D.N.Y. Nov. 12, 2019)........................10

*Ramos v. Superior Court*,
239 Cal. Rptr. 3d 679 (Ct. App. 2018)....................7

*Ray v. Google, LLC*,
No. 23-cv-00065, 2023 WL 7329562 (S.D. Miss. Aug. 18, 2023)....................8, 10

*Rojas-Lozano v. Google, Inc.*,
No. 15-cv-10160, 2015 WL 4779245 (D. Mass. Aug. 12, 2015)....................10

*Rosskamm v. Amazon.com, Inc.*,
637 F. Supp. 3d 500 (N.D. Ohio 2022)....................8

*Sarah v. Google LLC*,
No. 23-cv-00223, 2023 WL 6618266 (W.D. Mich. Oct. 11, 2023)....................10, 13

*Scepter, Inc. v. Nolan Transportation Group, LLC*,
352 F. Supp. 3d 825 (M.D. Tenn. 2018)....................7

*Showhomes Franchise Corporation v. LEB Solultions, LLC*,
No. 17-cv-00508, 2017 WL 3674853 (M.D. Tenn. Aug. 24, 2017)....................8, 9

*SMS Telecom LLC v. Google, Inc.*,
No. 12-cv-00987, 2014 WL 12606655 (E.D. Tex. Feb. 13, 2014)....................10

*Song Fi, Inc. v. Google Inc.*,
72 F. Supp. 3d 53 (D.D.C. 2014)....................10

*Steelcase, Inc. v. Mar-Mol Company, Inc.*,
210 F. Supp. 2d 920 (W.D. Mich. 2002)....................12

*Webseed, Inc. et al. v. Department of State et al.*,
No. 24-cv-00576, 2025 WL 996458, (W.D. Tex. Feb. 24, 2025) (Dkt. 56)....................6, 7, 8, 10

*Webseed, Inc. et al. v. Department of State et al.*,
No. 24-cv-00576, 2025 WL 993375 (W.D. Tex. Apr. 1, 2025) (Dkt. 59)....................6, 7

*Wireless Properties, LLC v. Crown Castle International Corp.*,
No. 10-cv-00269, 2011 WL 3420734 (E.D. Tenn. Aug. 4, 2011)....................6

*Wong v. PartyGaming Limited*,
589 F.3d 821 (6th Cir. 2009)....................3, 9, 10

**Federal Statutes**

28 U.S.C. § 1404(a)....................*passim*

**Federal Rules**

Fed. R. Civ. P. 21....................14

## I. INTRODUCTION

Plaintiffs should not have filed this case in this District. Instead, they should have filed in Santa Clara County, California, where they agreed to litigate any dispute "arising out of or relating to" Google's Terms of Service and YouTube's Terms of Service. Courts in this Circuit and across the country have enforced the forum selection clause in Google's and YouTube's terms of service, and this case is far from the rare and truly "extraordinary" case that would permit a deviation from the parties' agreements. In fact, Judge Robert Pitman of the United States District Court for the Western District of Texas, recently granted, after adopting Magistrate Judge Dustin Howell's report and recommendation, transfer of a similar case, against a similar group of defendants, that likewise relies on baseless and irresponsible allegations against members of the federal judiciary. Google therefore requests that the Court enforce the forum selection clause and transfer this case to the Northern District of California.[1]

## II. BACKGROUND

### A. The Parties' Alleged Residency, Incorporation, And Headquarters

Plaintiffs are Ty Bollinger, Charlene Bollinger, and Cancer Step Outside the Box, LLC ("CSOB"), a company the Bollingers jointly own. Dkt. 7 ("Am. Compl.") at 1. Plaintiffs also state they own and manage The Truth About Cancer Publishing, LLC ("TTAC") and The Truth About Vaccines Global, LLC ("TTAV"). *Id.* at 1 n. 1, ¶ 357. The Bollingers claim they reside in Sumner County, Tennessee. *Id.* ¶ 43. CSOB is allegedly registered in Tennessee and lists its

[1] In addition to Google, defendant Meta Platforms, Inc. intends to seek transfer of this action to the Northern District of California ("NDCA"). *See* Dkt. 38 (joint motion to continue case deadlines pending motions to transfer venue), Dkt. 39 (order granted continuance). Google understands that defendant X Corp. intends to seek transfer of this action to the Northern District of Texas. No other defendant opposes transfer; Plaintiffs oppose transfer.

principal place of business in Tennessee. *Id.* TTAC and TTAV are purportedly both registered in Nevada but have their "main offices" in Tennessee. *Id.* ¶ 43 n.17.

Google's corporate headquarters and principal place of business are in Mountain View, California—which is located in Santa Clara County, California. *See* Marte Decl. ¶ 3.[2]

**B. Plaintiffs' Allegations Arise Out Of And Relate To Google's Terms Of Service**

Plaintiffs have brought claims against Google and twelve other defendants—among them federal agencies, social media platforms, and private companies that provide content moderation tools—for the alleged "censorship" of Plaintiffs' online content. Am. Compl. at 1-2, ¶¶ 20-35. Specifically, Plaintiffs allege they were at the "epicenter of Defendants' 'Disinformation Dozen' ('DD') censorship blacklist" during the COVID-19 pandemic, as part of a purported scheme to "control online discourse and stifle critical voices relating to COVID-19." *Id.* ¶¶ 21, 357.

As to Google, Plaintiffs' allegations hinge on the use of YouTube—they allege that they maintained a YouTube channel that Google suspended. Am. Compl. ¶¶ 414, 683. YouTube is a service that allows people to discover, watch, and share videos and other content, provides a forum for people to connect, inform, and inspire others across the globe, and acts as a distribution platform for original content creators and advertisers large and small. *See* Marte Decl. ¶ 4. With a YouTube channel, users can upload videos, make comments, or create playlists.

To create a YouTube channel, users must maintain a Google Account. *See* Marte Decl. ¶ 6. To create a Google Account, users must agree to Google's general Terms of Service. *See* Ex. 3 [Google 2024 Terms of Service] at 1. Google's Terms of Service include a choice of law and forum selection clause specifying that:

[2] The Joshua Lerner Declaration, the Ariana Marte Declaration, and all exhibits attached thereto are included as attachments to the Motion to Transfer accompanying this Memorandum of Law.

> California law will govern all disputes arising out of or relating to these terms, service-specific additional terms, or any related services, regardless of conflict of laws rules. These disputes will be resolved exclusively in the federal or state courts of Santa Clara County, California, USA, and you and Google consent to personal jurisdiction in those courts.

*Id.* at 16. YouTube channel owners must also agree to additional terms of service that contain the same choice of law and forum selection clause. *See* Marte Decl. ¶ 6; Ex. 8 [YouTube 2023 Terms of Service] at 15 (YouTube Terms of Service, providing that "[a]ll claims arising out of or relating to these terms or the Service will be governed by California law, except California's conflict of laws rules, and will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA.").

## III. LEGAL STANDARD FOR MANDATORY FORUM SELECTION CLAUSES

Forum selection clauses "may be enforced by a motion to transfer under § 1404(a), which provides that '[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.'" *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 52 (2013) (quoting 28 U.S.C. § 1404(a)). "When a defendant files such a motion … a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.*; *Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x 562, 568 (6th Cir. 2019) ("A valid forum-selection clause will have 'controlling weight in all but the most exceptional cases.'").

"[A] court must first … determine whether a forum-selection clause is applicable to the claims at issue, mandatory, valid, and enforceable." *Lakeside Surfaces, Inc. v. Cambria Co.*, 16 F.4th 209, 215 (6th Cir. 2021). In the Sixth Circuit, "[t]he party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Wong v. PartyGaming*

*Ltd.,* 589 F.3d 821, 828 (6th Cir. 2009). Moreover, there is a "'strong presumption'" that "[c]ourts should uphold a forum-selection clause unless there is a strong showing that the clause should be set aside." *Boling*, 771 F. App'x at 567-568, 571.

To defeat "the strong presumption in favor of enforceability," a party must show that "(1) the clause was obtained by fraud, duress, or other unconscionable means; (2) the designated forum would ineffectively or unfairly handle the suit; (3) the designated forum would be so seriously inconvenient that requiring the plaintiff to bring suit there would be unjust; or (4) enforcing the forum selection clause would contravene a strong public policy of the forum state." *Lakeside Surfaces*, 16 F.4th at 219-220; *see Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 886 (6th Cir. 2009) ("[A] forum selection clause originating from an arms-length commercial transaction is valid and enforceable absent fraud, overreaching, or circumstances under which enforcement would be unreasonable or unjust.").

A binding and enforceable forum-selection clause "designating jurisdiction in another forum does not deprive a federal district court of jurisdiction." *Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F.4th 304, 310 (6th Cir. 2024). Instead, "the forum-selection clause alters the venue analysis." *Id.* When the forum-selection clause designates a court "'within the federal court system' the appropriate mechanism is 'a motion to transfer,' pursuant to § 1404(a)." *Id.*

*Atlantic Marine* altered the analysis required in evaluating transfer motions under Section1404(a). First, "the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine*, 571 U.S. at 63. Second,

a court "should not consider arguments about the parties' private interests." *Id.* at 64. Thus, only the public interest factors remain. The public interest factors relevant to a transfer motion include:

> [1] administrative difficulties flowing from court congestion; [2] the local interest in having localized controversies decided at home; [3] the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws; and [4] the unfairness of burdening citizens in an unrelated forum with jury duty.

*Mayer v. gpac, LLP*, 2023 WL 3690235, at *2 (M.D. Tenn. May 26, 2023) (Trauger, J.) (quoting *Lakeside Surfaces*, 16 F.4th at 215 n.2).

## IV. THE FORUM SELECTION CLAUSE CONTROLS

The forum selection clause provided in Plaintiffs' agreements with Google is mandatory and enforceable. Accordingly, under *Atlantic Marine*'s modified Section 1404(a) analysis, the forum selection clause warrants transfer of this case to the Northern District of California ("NDCA"). *See Atl. Marine*, 571 U.S. at 52; *Lakeside Surfaces*, 16 F.4th at 215.

### A. The Mandatory Forum Selection Clause Requires Transfer Of This Case

#### 1. The Forum Selection Clause Applies To Plaintiffs' Claims Against Google

The forum selection clause encompasses all of Plaintiffs' claims against Google. Determining whether a forum selection clause applies to a particular cause of action "is generally a matter of contract interpretation." *Firexo*, 99 F.4th at 309, 322. Here, the forum selection clause applies to "[a]ll disputes arising out of or relating to" the Terms of Service, "service-specific additional terms," or "any related services." Ex. 3 [Google 2024 Terms of Service] at 16; *see also* Ex. 8 [YouTube 2023 Terms of Service] at 15.[3] District courts in the Sixth Circuit have

[3] For simplicity, quotes and references to "the forum selection clause" refer to the forum selection clause included in Google's general Terms of Service. However, Google's arguments apply equally to the forum selection clause included in the YouTube Terms of Service to which Plaintiffs separately agreed to, which also apply to "[a]ll claims arising out of or relating to" this agreement, and expressly state that such claims "will be litigated exclusively in the federal or state courts of

"interpret[ed] forum selection clauses with 'related to' language as covering tort or consumer protection claims 'related to' the contract's purpose." *Hasler Aviation, L.L.C. v. Aircenter, Inc.*, 2007 WL 2463283, at *5 (E.D. Tenn. Aug. 27, 2007). The "arising out of or relating to" language in the forum selection clause plainly covers Plaintiffs' claims against Google, all of which are premised on the removal of their YouTube channel. *See, e.g.*, *Cal-Tenn Fin., LLC. v. Scope Auto., LLC*, 2019 WL 1282950, at *7 (M.D. Tenn. Mar. 20, 2019) (Trauger, J.) (forum selection clause applied to breach of contract, fraud, fraudulent inducement, conversion, interference with contract, and Tennessee Consumer Protection Act claims); *Hasler Aviation*, 2007 WL 2463283, *5 (forum selection clause covering "any matter relating to this contract" applied to plaintiff's claims sounding in contract and tort). While Plaintiffs have not asserted a breach of contract claim directly implicating Google's Terms of Service, "[a] forum selection clause should not be defeated by artful pleading of claims not based on the contract containing the clause if those claims grow out of the contractual relationship, or if 'the gist' of those claims is a breach of that relationship." *Wireless Props., LLC v. Crown Castle Int'l Corp.*, 2011 WL 3420734, at *6 (E.D. Tenn. Aug. 4, 2011) (citation omitted); *see also* Lerner Decl. Ex. 1 [Report & Recommendation, *Webseed, Inc. et al. v. Dep't of State et al.*, No. 24-cv-00576-RP, Dkt. 56 (W.D. Tex. Feb. 24, 2025), adopted Dkt. 59 (Apr. 1, 2025) (hereinafter, "*Webseed* Adopted R&R")] at 11-12. (Google's forum selection clause's "broad language applies to Plaintiffs' claims against Google").[4]

Plaintiffs' attempt to avoid the binding forum selection clause by styling their claims as premised on a broad "censorship conspiracy," Am. Compl. ¶¶ 338, 673, fails because the Amended

---

Santa Clara County, California." *See* Marte Decl. ¶ 8, Ex. 8 [YouTube 2023 Terms of Service] at 15.

[4] The *Webseed* Adopted R&R is also available on Westlaw at *Webseed, Inc. et al. v. Dep't of State et al.*, 2025 WL 996458 (W.D. Tex. Feb. 24, 2025), *report and recommendation adopted*, 2025 WL 993375 (W.D. Tex. Apr. 1, 2025).

Complaint's sole allegation regarding Google is Google's purported suspension of Plaintiffs' YouTube channel. This is fatal for Plaintiffs because, as described above, Plaintiffs' operation of the YouTube channel was governed by Google's and YouTube's Terms of Service. Magistrate Judge Howell's Report and Recommendation, adopted in full by Judge Pitman, in *Webseed* is instructive. That case like this one: (i) involves causes of action premised on First Amendment violations, negligence, tortious interference, negligent misrepresentation, fraud, and promissory estoppel against seven of the same defendants; (ii) relies on similar suggestions of bias in the Ninth Circuit; and (iii) alleges a conspiratorial "censorship scheme." *See Webseed, Inc. et al. v. Dep't of State et al.*, No. 24-cv-00576-RP, Dkt. 4 ¶¶ 38, 44, 210-219, 272-295 (W.D. Tex.). As Judge Howell explained, "[t]o fall within the scope of a 'broad' clause, the dispute between the parties 'need only touch matters covered by the contract containing the' forum-selection clause." Lerner Decl. Ex. 1 [*Webseed* Adopted R&R] at 11 (citing *Ramos v. Super. Ct.*, 239 Cal. Rptr. 3d 679, 689 (Ct. App. 2018)). Judge Howell held that Google's forum selection clause "encompass[es] all disputes arising out of or relating to" the terms of service and that "[t]his broad language applies to Plaintiffs' claims against Google since, regardless of the claims' nature under the law, they spring from Plaintiffs' use of their Google accounts." *Id.* at 11-12; Lerner Decl. Ex. 2 [Order Granting Transfer to NDCA, *Webseed, Inc. et al. v. Dep't of State et al.*, No. 24-cv-00576-RP (W.D. Tex. Apr. 1, 2025), Dkt. 59]. The same result is warranted here.

### 2. The Forum Selection Clause Is Mandatory

The forum selection clause is unambiguously mandatory, as it provides that "*all* disputes arising out of or relating to these terms, service-specific additional terms, or any related services … will be resolved *exclusively* in the federal or state courts of Santa Clara County, California, USA." Ex. 3 [Google 2024 Terms of Service] at 16 (emphases added); *see also* Ex. 8 [YouTube 2023 Terms of Service] at 15. A forum selection clause "'is mandatory only if it contains clear

language specifying that litigation must occur in the specified forum.'" *Scepter, Inc. v. Nolan Transp. Grp., LLC*, 352 F. Supp. 3d 825, 830 (M.D. Tenn. 2018); *see Mayer*, 2023 WL 3690235, at *3 (Trauger, J.) (use of the terms "sole and exclusive" and "shall" indicate forum-selection clause is mandatory); *Rosskamm v. Amazon.com, Inc.*, 637 F. Supp. 3d 500, 509 (N.D. Ohio 2022) (finding mandatory a forum-selection clause that stated the parties "consent to *exclusive* jurisdiction and venue" in "the state or Federal courts in King County, Washington"); *Braman v. Quizno's Franchise Co.*, 2008 WL 611607, at *6 (N.D. Ohio Feb. 20, 2008) ("By virtue of the parties' use of the word 'exclusive,' the forum selection clause in this case is explicitly mandatory, not permissive.").

Given its clear language that Plaintiffs' claims are subject to the exclusive jurisdiction of the courts of Santa Clara County, California, the forum selection clause is mandatory. Indeed, in other cases where the same forum selection clause was at issue, courts have concluded that the clause was mandatory in nature. For example, in considering an identical forum selection clause in Google's terms for YouTube and AdSense, the court in *Ray v. Google, LLC* reasoned that the inclusion of "[t]he word 'exclusively' demonstrates the parties' intent to litigate any disputes only in Santa Clara County, California." 2023 WL 7329562, at *3 (S.D. Miss. Aug. 18, 2023); *see also* Lerner Decl. Ex. 1 [*Webseed* Adopted R&R] at 7-11 (recommending that court find Google's forum selection clause is mandatory).

### B. Plaintiffs Cannot Rebut The Presumption That The Mandatory Forum Selection Clause Is Enforceable

Under Sixth Circuit precedent, a mandatory forum selection clause alters the traditional transfer analysis in two significant ways. First, Plaintiffs' choice of forum "'merits no weight.'" *See Lakeside Surfaces*, 16 F.4th at 215. Second, "courts consider arguments only under the public-interest factors, treating the private-interest factors as 'weigh[ing] entirely in favor of the

preselected forum.'" *Id.* (alteration in original).[5] However, because the Supreme Court has instructed that the public interest "factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine*, 571 U.S. at 64. Plaintiffs cannot meet their burden of demonstrating that this is such a rare case.

**1. Plaintiffs Cannot Show That Enforcement Of The Mandatory Forum Selection Clause Would Be Unreasonable Under The Circumstances**

A party resisting enforcement of a mandatory forum selection clause on the grounds that enforcement would be unreasonable under the circumstances bears "a heavy burden of proof." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972). Enforcement of a mandatory forum selection clause is unreasonable only if:

> (1) the clause was obtained by fraud, duress, or other unconscionable means; (2) the designated forum would ineffectively or unfairly handle the suit; (3) the designated forum would be so seriously inconvenient that requiring the plaintiff to bring suit there would be unjust; or (4) enforcing the forum selection clause would contravene a strong public policy of the forum state.

*Lakeside Surfaces, Inc.*, 16 F.4th at 219-220. None of these factors apply.

*First*, the forum selection clause is not the product of fraud, duress, or overreaching. This exception only applies where a plaintiff establishes "fraud in the inclusion of the clause itself."

---

[5] Given the mandatory and enforceable forum selection clause, the Court need not reach the question of whether Google's transfer motion satisfies the private interest factors considered under the normal Section 1404(a) analysis. *See Showhomes Franchise Corp. v. LEB Sols., LLC*, 2017 WL 3674853, at *2 (M.D. Tenn. Aug. 24, 2017) (Trauger, J.) ("*Atlantic Marine* directs that district courts may not consider the plaintiff's choice of forum or private interests when a valid forum-selection clause is present."). However, Google notes here that transfer is warranted under the private interest factors as well: this case could have been brought in NDCA; Google's witnesses and relevant evidence are concentrated in NDCA; and transfer would not impact judicial efficiency or present other practical problems given that the case deadlines have been continued pending the outcome of Google's transfer motion, such that neither the district court nor the parties will expend significant time or resources litigating issues in the case that will need to be relitigated in NDCA. *See Wong*, 589 F.3d at 833 (identifying private interest factors relevant to Section 1404(a) analysis).

*Wong*, 589 F.3d at 828. No such circumstances are present here. Also cutting against any suggestion of fraud or overreach is the fact that courts in the Sixth Circuit and across the country have routinely enforced Google's forum selection clauses, including recently in a factually analogous case where plaintiffs were represented by current counsel for Plaintiffs. *See, e.g.*, Lerner Decl. Ex. 1 [*Webseed* Adopted R&R] at 1, 18 (recommending that Google's forum selection clause be given controlling weight and case be transferred to NDCA in case where plaintiffs allege that defendants "participat[ed] in a scheme by the United States Government to 'silence [Plaintiffs'] competitive COVID-related speech'" (second alteration in original)); *Sarah v. Google LLC*, 2023 WL 6618266, at *1 (W.D. Mich. Oct. 11, 2023) (granting motion to transfer based on YouTube Terms); *Ellenberger v. Alphabet, Inc.*, 2020 WL 11772628, at *1 (W.D. Ky. July 17, 2020) (granting motion to transfer based on Google AdSense Terms).[6]

*Second*, Plaintiffs cannot demonstrate that NDCA would "ineffectively or unfairly handle the suit." *Wong*, 589 F.3d at 828. The court in *Ellenberger*, analyzing an almost identical forum selection clause, observed that "the courts of Santa Clara County, California, appear to be 'fully capable of effectively and fairly adjudicating this suit.'" 2020 WL 11772628, at *3. The same conclusion is required here.

---

[6] *See also, e.g.*, *Mishiyev v. Youtube, LLC*, 2024 WL 4932773, at *1 (M.D. Fla. Dec. 2, 2024) (granting motion to transfer based on YouTube Terms); *Alonso v. Google LLC*, 2023 WL 6313930, at *1 (M.D. Fla. Sept. 28, 2023) (same); *Ray*, 2023 WL 7329562, at *1 (same, based on YouTube and AdSense Terms); *Muhammad v. YouTube, LLC*, 2019 WL 2338503, at *1 (M.D. La. June 3, 2019) (same, based on YouTube Terms)*; Lewis v. Google, Inc*., 2019 WL 10749715, at *1 (D. Colo. Dec. 31, 2019) (same); *Ramani v. YouTube LLC*, 2019 U.S. Dist. LEXIS 197106, at *1 (S.D.N.Y. Nov. 12, 2019) (same); *Biltz v. Google, Inc*., 2018 WL 3340567, at *1 (D. Haw. July 6, 2018) (same); *Kijimoto v. YouTube, LLC*, 2018 WL 5116415, at *1 (C.D. Cal. Jan. 30, 2018) (same); *Rojas-Lozano v. Google, Inc*., 2015 WL 4779245, at *1-2 (D. Mass. Aug. 12, 2015) (same, based on Google's general Terms of Service); *Song Fi, Inc. v. Google Inc*., 72 F. Supp. 3d 53, 56 (D.D.C. 2014) (same, based on YouTube Terms); *SMS Telecom LLC v. Google, Inc*., 2014 WL 12606655, at *1 (E.D. Tex. Feb. 13, 2014) (same, based on AdSense Terms); *Flowbee Int'l, Inc. v. Google, Inc*., 2010 WL 11646901, at *1 (S.D. Tex. Feb. 8, 2010) (same).

*Third*, Plaintiffs cannot demonstrate that litigating in NDCA would be so burdensome as to effectively deprive them of their day in court. The possibility that litigation in California may not be as convenient, or may be more expensive, is insufficient grounds for bypassing a mandatory forum selection clause. *See, e.g.*, *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1138-1139 (6th Cir. 1991) (noting that expense "is not a reason for declaring [forum selection] clauses invalid"); *Braman*, 2008 WL 611607, at *4 (rejecting "claim of financial inconvenience as a basis for denying enforcement of a forum selection clause"); *Elite Physicians Servs., LLC v. Citicorp Payment Servs., Inc.*, 2006 WL 752536, at *7 (E.D. Tenn. Mar. 17, 2006) ("[T]he presence of a forum selection clause practically precludes Plaintiff from arguing its inconvenience in litigating this cause of action in the contractually agreed upon forum of the Southern District of New York.").

*Fourth*, Plaintiffs cannot demonstrate that enforcement would contravene a strong public policy interest of the state of Tennessee. Plaintiffs have brought claims against federal government actors, national and international companies that provide content moderation tools, and globally used internet platforms. *See* Am. Compl. ¶¶ 1-60. Plaintiffs' claims against these parties are grounded in their federal constitutional rights and Plaintiffs' allegation that "America"—not Tennessee—"is plagued by the collective Defendants' censorship foul play." *Id.* ¶ 36; *see Hasler Aviation*, 2007 WL 2463283, at *4 ("[T]he Tennessee Supreme Court supports the prima facie validity of forum selection clauses; Tennessee courts 'should enforce [such] clauses unless the party opposing enforcement demonstrates that it would be unfair and inequitable to do so.'" (alteration in original) (quoting *Dyersburg Mach. Works, Inc. v. Rentenbach Eng'g Co.*, 650 S.W.2d 378, 380 (Tenn. 1983)).

### 2. Plaintiffs Cannot Show That Public-Interest Factors Justify Retaining The Case

Unable to demonstrate that enforcement of the forum selection clause would be unreasonable under the circumstances, Plaintiffs can only defeat transfer if they prove that this is "the rare case where public interest factors override a valid, enforceable forum-selection clause." *Kresser v. Advanced Tactical Armament Concepts, LLC*, 2016 WL 4991596, at *4 (E.D. Tenn. Sept. 16, 2016). They cannot. Three public interest factors *favor* transfer, and two are at best neutral.

The first public interest factor considers the "'administrative difficulties flowing from court congestion.'" *Mayer*, 2023 WL 3690235, at *2 (citation omitted). Plaintiffs cannot demonstrate the comparative "expediency of litigating the case" in the Middle District of Tennessee as compared to the Northern District of California. *Amos v. Aetna Life Ins. Co.*, 2019 WL 3773770, at *4 (S.D. Ohio Aug. 12, 2019) (noting that the "comparative number of civil case filings in 2018, including a per judge calculation" "says little as to the speed or efficiency in which each district disposes of cases, and even less as to how quickly each assigned judge would deal with the instant case"); *see also, e.g.*, *Steelcase, Inc. v. Mar-Mol Co., Inc.*, 210 F. Supp. 2d 920, 941 (W.D. Mich. 2002) ("[R]aw figures comparing caseloads are entitled to little weight."); *Diversified Metal Distribs., LLC v. AK Stee Corp.*, 2007 WL 403870, *3 (E.D. Ky. Feb. 1, 2007) ("The mere fact that the caseload is higher does not show congestion of the courts[.]"). Generally, district courts have held that "the relative congestion in the courts … plays a minor role in the assessment" and "does not furnish an 'exceptional' reason for overriding the parties' agreement." *Moore v. Katin-Borland*, 2020 WL 5531501, at *6 (E.D. Mich. Sept. 14, 2020) (comparing district courts in Michigan and New York); *see also Ingram Barge Co., LLC v. Bunge N. Am., Inc.*, 455 F. Supp. 3d 558, 576 (M.D. Tenn. 2020) (Trauger, J.), *aff'd sub nom*. *Ingram Barge Co., LLC v. Bunge N.*

*Am., Inc*, 852 F. App'x 1029 (6th Cir. 2021) (noting that court congestion did not "justify disregarding the forum selection clause" because "'forum-selection clauses should control except in unusual cases'"). And with respect to the Northern District of California in particular, district courts have not been "convinced" that "the Northern District of California is so congested … that it warrants overcoming a forum selection clause." *See, e.g.*, *Sarah*, 2023 WL 6618266, at *5. This factor is at best neutral.

The second factor considers whether there is "local interest in having localized controversies decided at home." *Mayer*, 2023 WL 3690235, at *2 (citation omitted). As discussed above, Plaintiffs' case—which implicates federal agencies and federal rights, and the use of products and services across the country—is not specific to this District. In contrast, NDCA has a local interest in having controversies that involve Google and California law decided in the California federal district where Google is headquartered. *See Sarah*, 2023 WL 6618266, at *5 ("California also has an interest in resolving disputes that arise from its citizens' [i.e., Google's] actions and platforms."). Because the controversy "extends well beyond the borders of [Tennessee]," the case's "local connections" to Tennessee are not strong enough to trump a valid, enforceable forum-selection clause. *North v. McNamara*, 47 F. Supp. 3d 635, 647 (S.D. Ohio 2014). This factor weighs in favor of transfer.

Under the third public interest factor, courts consider "the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action." *Mayer*, 2023 WL 3690235, at *2 (citation omitted). Under the terms of the forum selection clause, California law governs Plaintiffs' claims. *See* Ex. 3 [Google 2024 Terms of Service] at 16; *see* Ex. 8 [YouTube 2023 Terms of Service] at 15. Thus, this factor also weighs in favor of transferring, rather than retaining, the case.

Under the fourth public interest factor, courts consider "the avoidance of unnecessary problems in conflict of laws" or "the application of foreign law." *Mayer*, 2023 WL 3690235, at *2 (citation omitted). Consistent with the third public interest factor, in this case the application of California law under the terms of the forum selection clause prevents any potential conflict of law problems, which in any event are not implicated by Plaintiffs' claims. As such, this factor is at best neutral.

Finally, the fifth public interest factor considers "the unfairness of burdening citizens in an unrelated forum with jury duty." *Mayer*, 2023 WL 3690235, at *2 (citation omitted). This too favors transfer given that the dispute would involve applying California law and Google, a California party.

## V. **IF NECESSARY, THE COURT SHOULD SEVER AND TRANSFER THE CLAIMS AGAINST GOOGLE**

As set forth above, all claims against Google should be transferred. It would be within this Court's discretion to transfer the claims against most (if not all) other Defendants[7] to the Northern District of California "in the interest of justice." 28 U.S.C. § 1404(a). But even if Plaintiffs are successful in arguing that the entire case should not be transferred, their claims against Google should still be severed and transferred to the Northern District of California. *See* Fed. R. Civ. P. 21 ("[T]he court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

District courts in the Sixth Circuit have found the Fifth Circuit's *Rolls Royce* decision to be "helpful … in analyzing the issue[]." *Fam. Wireless #1, LLC v. Auto. Techs., Inc.*, 2015 WL 5142350, at *7 (E.D. Mich. Sept. 1, 2015) (citing *In re Rolls Royce Corp.*, 775 F.3d 671, 681 (5th

---

[7] Google understands that X Corp. intends to move to transfer claims against it to the Northern District of Texas pursuant to the most recent version of that company's forum-selection clause.

Cir. 2014)). As the Fifth Circuit explained, the fact that the plaintiff signed the forum-selection clause meant that the plaintiff's interests, "as [a] matter of law, cut in favor of severance and transfer to the contracted for forum." *Id.* at 681. The non-signing defendants also opposed transfer, but the Fifth Circuit noted the lack of "evidence in the record indicating special administrative difficulties with severance, or that the interests of the defendants not privy to the clause would be significantly threatened." *Id.* at 683. Given the discretion district courts have to manage their dockets, the Fifth Circuit found mandamus relief appropriate.

Therefore, even if the Court elects not to transfer the entire action to the Northern District of California, Google respectfully requests that it sever and transfer Plaintiffs' claims against Google.

## VI. CONCLUSION

For the foregoing reasons, Google respectfully requests a transfer of this case to the Northern District of California under Section 1404(a), or, in the alternative, that the Court sever and transfer the claims against Google to the Northern District of California.

Dated: April 21, 2025

Respectfully submitted,


*/s/ Joshua H. Lerner*
Joshua H. Lerner *(pro hac vice)*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
50 California Street #3600
San Francisco, CA 94111
Tel: (628) 235-1000
Fax: (628) 235-1001
joshua.lerner@wilmerhale.com

J. Graham Matherne (BPR No. 011294)
**WYATT, TARRANT & COMBS, LLP**
333 Commerce Street, Suite 1050
Nashville, TN. 37201
Tel: (615) 244-0020
gmatherne @wyattfirm.com

Mark Vorder-Bruegge, Jr. (BPR No. 006389)
**WYATT, TARRANT & COMBS, LLP**
6070 Poplar Avenue, Suite 300
Memphis, TN 38119
Tel: (901) 537-1069
Fax: (901) 537-1010
mvb@wyattfirm.com

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule 5.01 on April 21, 2025.

Jeffrey L. Greyber, Esq.
GREYBER LAW, PLLC
9170 Glades Rd., #161
Boca Raton, Florida 33434
(561) 702-7673
(833) 809-0137 (f)
jgreyber@greyberlaw.com

Larry L. Crain, Esq.
CRAIN LAW GROUP, PLLC
5214 Maryland Way, Ste. 402
Brentwood, Tennessee 37027
(615) 376-2600
(615) 345-6009 (f)
larry@crainlaw.legal

*Counsel for Plaintiffs Cancer Step Outside The Box, LLC, Ty Bollinger, and Charlene Bollinger*

Kathryn Hannen Walker
Charlotte G. Elam
BASS, BERRY & SIMS PLC
21 Platform Way, Suite 3600
Nashville, TN 37203
Telephone: (615) 742-6200
Facsimile: (615) 742-6293
kwalker@bassberry.com
charlotte.elam@bassberry.com

Kasdin M. Mitchell
Jordan L. Greene
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200
kasdin.mitchell@kirkland.com
jordan.greene@kirkland.com

*Counsel for Defendant Meta Platforms, Inc.*

Mary Wu Tullis
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
Fax: (901) 577-2303
mtullis@bakerdonelson.com

Jeremy D. Ray
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone: (615) 726-5648

Robb S. Harvey
Todd R. Hambidge
HOLLAND & KNIGHT LLP
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380
robb.harvey@hklaw.com
todd.hambidge@hklaw.com

*Counsel for Defendant Media Matters for America*

Fax: (615) 726-0464
jray@bakerdonelson.com

Kenneth M. Trujillo-Jamison
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, CA 90017
Telephone: (213) 955-9240
Fax: (213) 955-9250
ktrujillo-jamison@willenken.com

*Counsel for Defendant X Corp.*

/s/ *Joshua H. Lerner*
Joshua H. Lerner