# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **CANCER STEP OUTSIDE THE BOX, LLC** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DEPARTMENT OF STATE** *et al.*, | ) | **Case No. 3:24-cv-01465** |
| | ) | **Judge Aleta A. Trauger** |
| **Defendants.** | ) | |

## MEMORANDUM

Before the court is the Motion for Reconsideration of the Court's Order Denying Meta Platforms, Inc.'s and Google LLC's Motions to Transfer (Doc. No. 69), filed by those two defendants, supported by a Memorandum of Law (Doc. No. 70). The plaintiffs oppose the motion. (Doc. No. 72). For the reasons set forth herein, the motion will be granted, and this case will be transferred in its entirety to the U.S. District Court for the Northern District of California.

## I.    LEGAL STANDARD

"The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but district courts have authority to reconsider interlocutory orders under federal common law and Rule 54(b)." *McCormack v. City of Westland*, No. 18-2135, 2019 WL 4757905, at *2 (6th Cir. Apr. 15, 2019) (citing *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). Under Rule 54, "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). It is within a district

court's discretion to reconsider an interlocutory order when there is "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Luna v. Bell*, 887 F.3d 290, 297 (6th Cir. 2018) (quoting *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)).

## II. DISCUSSION

The court presumes familiarity with the July 14, 2025 Memorandum and Order (Doc. Nos. 65, 66) denying the Motions to Transfer filed by defendants X Corp. (f/k/a Twitter, Inc.) ("Twitter"), Meta Platforms, Inc. ("Meta"), and Google, LLC ("Google") (collectively, the "media defendants") (Doc. Nos. 41, 43, 45). The court adopts and incorporates by reference Parts I through III(A) of the Memorandum (Doc. No. 65).

To briefly recapitulate, the court found that the media defendants' forum selection clauses in their user agreements with the plaintiffs were applicable and enforceable and that public policy did not weigh against transfer, but the public and private interests relevant to the parties with which the plaintiffs did not have forum selection agreements weighed against transfer. In particular, the court noted that this jurisdiction appeared to be the only venue in which the claims against all defendants could be brought in one forum, because nothing in the record suggested that the Northern District of California could properly exercise *in personam* jurisdiction over Twitter or the Center for Countering Digital Hate, Inc. ("CCDH"). Given the choice between (1) keeping the entire case in this court and (2) breaking up the case into three pieces and transferring parts to the Northern District of California and parts to the Northern District of Texas, the court determined that the interests of judicial economy and preservation of resources justified overriding the presumptively valid forum selection clauses and retaining the entire case in this court.

Meta and Google (the "moving defendants") seek reconsideration of that conclusion, requesting that the court transfer the entire case to the Northern District of California or, at a

minimum, that the court sever and transfer the claims against the moving defendants to the Northern District of California. (Doc. No. 70 at 1, 7.) The moving defendants represent to the court that Twitter "now takes no position on whether the entire case should be transferred to the Northern District of California, if the court decides to keep the case together," which, they claim, further supports reconsideration. (*Id.* at 1-2.) They also point out that the two government agency defendants take no position on their present motion and previously took no position on the Motions to Transfer, though the government agency defendants maintain that the court should keep the entire case together rather than severing and transferring only the claims against the moving defendants. (*Id.* at 2 & n.1)

The moving defendants argue that reconsideration of the denial of their transfer motions is warranted, because the court's original Order "swept too broadly." (*Id.* at 3.) In particular, they insist that the court's determination that this was the "rare case" in which judicial economy considerations outweigh transfer was in error, because the three media defendants "are or have been co-defendants in over a hundred cases, often involving motions to transfer pursuant to their contractual forum-selection clauses." (*Id.* at 4.) They acknowledge that the playing field has altered somewhat, since Twitter is now based in a county within the Western District of Texas, rather than a county within the Northern District of California, and has revised its user agreements to provide the Northern District of Texas as the exclusive forum for bringing suits against it, but they also point out that Twitter does not oppose their motion and is no longer seeking transfer to Texas. The moving defendants posit that the possible consolidation of this case with several other cases already pending in the Northern District of California "presents the Court with another opportunity to reconsider whether judicial-economy considerations or the interests of non-contracting defendants . . . weigh overwhelmingly against transfer." (*Id.* at 5.)

The moving defendants argue that the court can and should transfer the entire case to the Northern District of California, "which would vindicate this Court's interest in judicial economy and satisfy the interests of the non-platform Defendants who asked only that the case stay together, yet effectuate the parties' agreements and override only [Twitter's] forum-selection clause." (*Id.* at 6.) In sum, they emphasize that, because the three media defendants are "frequent co-defendants, this is not the rare case that justifies overriding all of these valid, enforceable agreements." (*Id.* at 7.)

The plaintiffs have filed a Response in opposition. (Doc. No. 72.) Setting aside their hyperbolic and inflammatory comments, the plaintiffs contend, in essence, that the moving defendants have not shown that an intervening change in controlling law, newly available evidence, or a need to correct a clear error or prevent manifest injustice warrants reconsideration.

The court, in the exercise of its discretion, finds that Twitter's non-opposition to transfer places this case in a materially different posture and makes transfer of the entire case possible, as it alters the analysis of Steps Two through Four of the analysis performed in the July 14 Memorandum, pursuant to the test articulated in *In re: Howmedica Osteonics Corp.*, 867 F.3d 390 (3d Cir. 2017). The federal agency defendants do not oppose transfer, other than seeking to keep the case in one piece. The single remaining non-governmental and non-contracting defendant, CCDH, has not actually entered an appearance in this case. Given that the plaintiffs voluntarily dismissed the claims against the other two non-governmental, non-contracting defendants (*see* Doc. Nos. 37, 48), it is difficult to consider the claims against CCDH as truly integral to the claims against the media defendants and the federal agency defendants. Moreover, to the extent CCDH enters an appearance and ultimately objects to *in personam* jurisdiction in California, it may assert those grounds in an attempt to avoid litigation in California. *Accord Palinode, LLC v. Plaza Servs.,*

*LLC*, No. 3:20-cv-00807, 2021 WL 4460509, at \*6 (M.D. Tenn. Sept. 28, 2021). For now, however, the fact that the plaintiffs and this defendant have agreed to extend its deadline for entering an appearance provides only the slightest of rationales for retaining the case in this court, particularly when weighed against Meta's and Google's forum selection clauses that this court has already found to be applicable, valid, and enforceable.

In sum, under *Howmedica*, the forum selection agreements weigh in favor of transfer; the private and public interests of the non-contracting defendants weigh only slightly against transfer; and the court finds that the most appropriate course of action is to transfer the case in its entirety. Transfer of the case as a whole will have the effect of honoring the forum selection agreements as well as avoiding the inefficiencies that might accompany severance, while resulting in little prejudice to the non-contracting party or the plaintiffs. *See Howmedica*, 867 F.3d at 405. The plaintiffs' primary opposition to transfer in the first place is their belief that the Northern District of California provides a hostile environment for the types of claims raised here and that the defendants should not be permitted to engage in forum shopping. This court, however, rejects the proposition that the California court is not equipped to fairly and equitably consider the allegations and claims raised in this case. The plaintiffs' fears are not sufficient to override presumptively valid and binding forum selection clauses.

## III.   CONCLUSION

For the reasons set forth herein, the court, in the exercise of its discretion, will grant the Motion to Reconsider (Doc. No. 69), vacate the previously entered Order to the contrary, and transfer the case in its entirety to the U.S. District Court for the Northern District of California. An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge